_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

Judge Richard A. Jones

**FEB 01 2016**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____ DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GABRIEL PETERSON-SILER,<br><br>Defendant. | NO. 15-118 RAJ<br><br>**PLEA AGREEMENT** |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and S. Kate Vaughan, Assistant United States Attorney for said District, GABRIEL PETERSON-SILER and his attorney, Jesse Cantor, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1.    **The Charge**.  Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Indictment.

a.    Possession of Child Pornography, as charged in Count 1, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and 2252(b)(2).

PLEA AGREEMENT/PETERSON-SILER
Case No. 15-0118 RAJ - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

2. **Charging document.** By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering his plea of guilty, he will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3. **Elements of the Offense.** The elements of the offense of Possession of Child Pornography, as charged in Count 1, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and 2252(b)(2), are as follows:

**First**, that the defendant knowingly possessed matters that the defendant knew contained visual depictions of minors engaged in sexually explicit conduct;

**Second**, the defendant knew each visual depiction contained in the matters was of minors engaged in sexually explicit conduct;

**Third**, the defendant knew that production of such visual depictions involved the use of a minor in sexually explicit conduct;

**Fourth**, that each visual depiction had been either transported in interstate or foreign commerce, or produced using material that had been transported in interstate or foreign commerce by computer or other means.

4. **The Penalties.** Defendant understands that the statutory penalties applicable to Count 1, Possession of Child Pornography, are: imprisonment for up to twenty (20) years, a mandatory minimum sentence of ten (10) years of imprisonment, a fine of up $250,000, a period of supervision following release from prison of between five (5) years and life, and a special assessment of $100.

The Defendant understands that at the time Defendant committed the offense charged in Count 1 of the Indictment, he had been convicted in King County Superior Court, on or about May 9, 2008 of Possession of Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of RCW 9.68A.070, such prior conviction relating to the production, possession, receipt, mailing, sale, distribution, shipment, or

PLEA AGREEMENT/PETERSON-SILER
Case No. 15-0118 RAJ - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    transportation of child pornography.   Pursuant to 18 U.S.C. §§ 2252(b)(1) and(2), the
2    mandatory minimum term of imprisonment set forth above apply.

3           Defendant understands that supervised release is a period of time following
4    imprisonment during which he will be subject to certain restrictive conditions and
5    requirements.  Defendant further understands that if supervised release is imposed and he
6    violates one or more of the conditions or requirements, Defendant could be returned to
7    prison for all or part of the term of supervised release that was originally imposed.  This
8    could result in Defendant's serving a total term of imprisonment greater than the statutory
9    maximum stated above.

10          Defendant understands that as a part of any sentence, in addition to any term of
11   imprisonment and/or fine that is imposed, the Court may order Defendant to pay
12   restitution to any victim of the offense, as required by law.

13          Defendant further understands that a consequence of pleading guilty may include
14   the forfeiture of certain property either as a part of the sentence imposed by the Court, or
15   as a result of civil judicial or administrative process.

16          Defendant agrees that any monetary penalty the Court imposes, including the
17   special assessment, fine, costs, or restitution, is due and payable immediately and further
18   agrees to submit a completed Financial Statement of Debtor form as requested by the
19   United States Attorney's Office.

20          5.      **Rights Waived by Pleading Guilty.**  Defendant understands that by
21   pleading guilty, he knowingly and voluntarily waives the following rights:

22                  a.      The right to plead not guilty and to persist in a plea of not guilty;
23                  b.      The right to a speedy and public trial before a jury of his peers;
24                  c.      The right to the effective assistance of counsel at trial, including, if
25                          Defendant could not afford an attorney, the right to have the Court
26                          appoint one for him;

27
28

PLEA AGREEMENT/PETERSON-SILER
Case No. 15-0118 RAJ - 3

d.    The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e.    The right to confront and cross-examine witnesses against Defendant at trial;

f.    The right to compel or subpoena witnesses to appear on his behalf at trial;

g.    The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h.    The right to appeal a finding of guilt or any pretrial rulings.

6.    **Forfeiture of Assets**. Pursuant to Title 18, United States Code, Section 2253, Defendant agrees to forfeit to the United States immediately Defendant's right, title, and interest in any and all property, real or personal, that was used or intended to be used to commit or to promote the commission of the offenses, and any visual depiction described in Title 18, United States Code, sections 2251, 2251A, or 2252, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110, including but not limited to an Alienware laptop. With respect to computers, digital devices, and digital or electronic media, Defendant agrees to forfeit the items and all files, data, and other contents of the items.

7.    **Statement of Facts**. The parties agree on the following facts. Defendant admits he is guilty of the charged offense:

a.    At all times relevant to the charges in the Indictment, GABRIEL PETERSON-SILER lived in Everett, Washington.

b.    On or about May 9, 2008, GABRIEL PETERSON-SILER was convicted in King County Superior Court of Possession of Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of RCW 9.68A.070.

c.    In 2012, GABRIEL PETERSON-SILER created user accounts on three online bulletin boards that hosted forums for posting images and videos of child pornography. GABRIEL PETERSON-SILER's user name on the bulletin boards was

PLEA AGREEMENT/PETERSON-SILER
Case No. 15-0118 RAJ - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

"childuser".  On two of the bulletin boards GABRIEL PETERSON-SILER's profile image, also known as an avatar, contained child pornography depicting two naked prepubescent females lying on their backs with their legs spread apart and raised in the air, exposing their vaginas and anuses.  GABRIEL PETERSON-SILER viewed and downloaded child pornography from the bulletin boards.

      d.    GABRIEL PETERSON-SILER possessed more than 250 images of child pornography on his Alienware laptop.  Two of those images are described below:

      fb97011e9b0be6c3.JPEG:  This image depicts an infant victim sitting in a car seat with an adult male penis penetrating the infant victim's open mouth.  An infant safety label is visible behind the victim.

      c9846fd435bb5995.JPEG:  This image depicts a prepubescent female victim lying on her back.  Based on the lack of pubic hair and the size of the victim's body compared to the adult hand and penis, this victim appears to be under eight years of age.  An adult male penis can be seen pressed against the victim's vagina.  A white fluid is visible on the victim's vagina.  An adult hand can be seen holding the penis against the child.  A blue, floral pillow is visible underneath the victim's back.

      e.    The Alienware laptop GABRIEL PETERSON-SILER used to possess the images and videos of minors engaged in sexually explicit conduct was not manufactured in the state of Washington.

      8.    **United States Sentencing Guidelines**.  Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including:  (1) the nature and circumstances of the offenses; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7)

PLEA AGREEMENT/PETERSON-SILER
Case No. 15-0118 RAJ - 5

1  the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the

2  need to avoid unwarranted sentence disparity among defendants involved in similar

3  conduct who have similar records.  Accordingly, Defendant understands and

4  acknowledges that:

5          a.      The Court will determine applicable Defendant's Sentencing

6  Guidelines range at the time of sentencing;

7          b.      After consideration of the Sentencing Guidelines and the factors in

8  18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the

9  maximum term authorized by law;

10         c.      The Court is not bound by any recommendation regarding the

11 sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

12 range offered by the parties or the United States Probation Department, or by any

13 stipulations or agreements between the parties in this Plea Agreement; and

14         d.      Defendant may not withdraw his guilty pleas solely because of the

15 sentence imposed by the Court.

16     9.     **Acceptance of Responsibility.**  At sentencing, if the district court

17 concludes Defendant qualifies for a downward adjustment acceptance for acceptance of

18 responsibility pursuant to USSG § 3E1.1(a) and the defendant's offense level is 16 or

19 greater, the United States will make the motion necessary to permit the district court to

20 decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b),

21 because Defendant has assisted the United States by timely notifying the United States of

22 his intention to plead guilty, thereby permitting the United States to avoid preparing for

23 trial and permitting the Court to allocate its resources efficiently.

24     10.    **Restitution.**  Defendant shall make restitution in an amount to be

25 determined by the Court at the time of sentencing, with credit for any amounts already

26 paid.  Said amount shall be due and payable immediately and shall be paid in accordance

27

28

PLEA AGREEMENT/PETERSON-SILER
Case No. 15-0118 RAJ - 6

1 | with a schedule of payments as proposed by the United States Probation Office and
2 | ordered by the Court.

3 |      11.    **Sentencing Factors.**  The parties agree that the following Sentencing
4 | Guidelines provisions apply to this case:

5 |      a.    **Distribution of Child Pornography**

6 |         a.    A base offense level of 22, pursuant to USSG § 2G2.2(a)(2);
7 |

8 |         b.    A two-level increase pursuant to USSG § 2G2.2(b)(2) for
distribution of material depicting a prepubescent minor or a minor who has not attained
9 | the age of 12 years;

10 |         c.    A four-level increase pursuant to USSG § 2G2.2(b)(4) because the
11 | offense involved material that portrays sadistic or masochistic conduct or other depictions
12 | of violence;

13 |         d.    A two-level increase pursuant to USSG § 2G2.2(b)(6) for use of a
14 | computer;

15 |         e.    A three-level increase pursuant to USSG § 2G2.2(b)(7) for more
16 | than 150 images;

17 |         f.    A three-level reduction to defendant's offense level, provided
defendant qualifies for an adjustment of acceptance of responsibility, as set forth in
18 | paragraph 9 above, pursuant to USSG § 3E1.1(a).

19 |      The parties agree they are free to argue the application of any other provisions of
20 | the United States Sentencing Guidelines.  Defendant understands, however, that at the
21 | time of sentencing, the Court is free to reject these adjustments, and is further free to
22 | apply additional downward or upward adjustments in determining Defendant's
23 | Sentencing Guidelines range.

24 |      12.    **Sentencing Recommendation.**  The government agrees to recommend a
25 | term of imprisonment of no more than ten (10) years, and the government may
26 | recommend up to a lifetime of supervised release.  Defendant understands and
27 | acknowledges that this recommendation is not binding upon the Court.  Defendant also
28 |

PLEA AGREEMENT/PETERSON-SILER
Case No. 15-0118 RAJ - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  understands and acknowledges that the Government remains free to recommend whatever
2  it believes is appropriate with respect to other aspects of the sentence.

3      13.   **Ultimate Sentence.**  Defendant acknowledges that no one has promised or
4  guaranteed what sentence the Court will impose.

5      14.   **Registration as a Sex Offender.**  Defendant stipulates and agrees that
6  based on the Sex Offender Registration and Notification Act, Title 42, United States
7  Code, Section 16911 et seq., he is entering a plea of guilty to sex offenses and is a sex
8  offender as those terms are defined in the Act.  Defendant further agrees that pursuant to
9  the Act, he is required to register as a sex offender, and keep the registration current, in
10  each jurisdiction where Defendant resides, is an employee, and is a student.  Defendant
11  further agrees that for initial registration purposes only, Defendant is required also to
12  register in the jurisdiction in which Defendant is convicted if such jurisdiction is different
13  from the jurisdiction of residence.

14      15.   **Non-Prosecution of Additional Offenses**.  As part of this Plea Agreement,
15  the United States Attorney's Office for the Western District of Washington agrees not to
16  prosecute Defendant for any additional offenses known to the United States Attorney's
17  Office for the Western District of Washington as of the time of this Agreement that are
18  based upon evidence in the United States Attorney's Office for the Western District of
19  Washington's possession at this time, and that arise out of the conduct giving rise to this
20  investigation.

21      Defendant also recognizes the United States have agreed not to prosecute all of the
22  criminal charges the evidence establishes were committed by Defendant solely because
23  of the promises made by Defendant in this Agreement.  Defendant agrees, however, that
24  for purposes of preparing the Presentence Report, the United States Attorney's Office
25  will provide the United States Probation Office with evidence of all conduct committed
26  by Defendant.

27
28

PLEA AGREEMENT/PETERSON-SILER
Case No. 15-0118 RAJ - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1        Defendant agrees that any charges to be dismissed before or at the time of

2 sentencing were substantially justified in light of the evidence available to the United

3 States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant

4 with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119

5 (1997).

6        16.   **Breach, Waiver, and Post-Plea Conduct.**  Defendant agrees that if

7 Defendant breaches this Plea Agreement, the United States may withdraw from this Plea

8 Agreement and Defendant may be prosecuted for all offenses for which the United States

9 has evidence.  Defendant agrees not to oppose any steps taken by the United States to

10 nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea

11 Agreement.  Defendant also agrees that if Defendant is in breach of this Plea Agreement,

12 Defendant has waived any objection to the re-institution of any charges in the Indictment

13 that were previously dismissed or any additional charges that had not been prosecuted.

14        Defendant further understands that if, after the date of this Agreement, Defendant

15 should engage in illegal conduct, or conduct that violates any conditions of release or the

16 conditions of his confinement, (examples of which include, but are not limited to,

17 obstruction of justice, failure to appear for a court proceeding, criminal conduct while

18 pending sentencing, and false statements to law enforcement agents, the Pretrial Services

19 Officer, Probation Officer, or Court), the United States is free under this Agreement to

20 file additional charges against Defendant or to seek a sentence that takes such conduct

21 into consideration by requesting the Court to apply additional adjustments or

22 enhancements in its Sentencing Guidelines calculations in order to increase the applicable

23 advisory Guidelines range, and/or by seeking an upward departure or variance from the

24 calculated advisory Guidelines range.  Under these circumstances, the United States is

25 free to seek such adjustments, enhancements, departures, and/or variances even if

26 otherwise precluded by the terms of the plea agreement.

27

28

PLEA AGREEMENT/PETERSON-SILER
Case No. 15-0118 RAJ - 9

17.     **Waiver of Appellate Rights and Rights to Collateral Attacks.**
Defendant acknowledges that by entering the guilty pleas required by this plea agreement, Defendant waives all rights to appeal from his conviction and any pretrial rulings of the court.  Defendant further agrees that, provided the court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the court at the time of sentencing, Defendant waives to the full extent of the law:

    a.     Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

    b.     Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation; and

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of his confinement or the decisions of the Bureau of Prisons regarding the execution of his sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

18.     **Voluntariness of Plea**.  Defendant agrees that he has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter his pleas of guilty.

PLEA AGREEMENT/PETERSON-SILER
Case No. 15-0118 RAJ - 10

19.     **Statute of Limitations**.  In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to:  (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

20.     **Completeness of Agreement**.  The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District

///

///

///

PLEA AGREEMENT/PETERSON-SILER
Case No. 15-0118 RAJ - 11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 │ of Washington.  It does not bind any other United States Attorney's Office or any other

2 │ office or agency of the United States, or any state or local prosecutor.

3 │      Dated this ___ day of February, 2016.

4

5 │                             _____

6 │                             GABRIEL PETERSON-SILER
                            Defendant

7

8 │                             _____

9 │                             JESSE CANTOR
                            Attorney for Defendant

10

11 │                             _____

12 │                             MICHAEL DION
                            Assistant United States Attorney

13

14 │                             _____

15 │                             S. KATE VAUGHAN
                            Assistant United States Attorney

16

17

18

19

20

21

22

23

24

25

26

27

28